IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VASHAUN CIBARRO WILLIAMS, #K71662, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 22-02476-SMY ) |
| WEXFORD HEALTH SERVICES, and JOHN DOES #1-3 (Dentists at Menard Correctional Center), | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Vashaun Cibarro Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He claims delays in treating his dental condition violated his constitutional rights, and seeks monetary damages. (Doc. 10).[1]

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 10): In mid-2019, he had a tooth pulled by a dentist at Menard. He continued to experience pain at the extraction site and

---

[1] Plaintiff's original Complaint (Doc. 1) was unsigned. He submitted a properly signed Complaint at Doc. 10.

sought treatment from Defendant John Doe Dentist #1.  This dentist explained that Plaintiff's pain was normal and that he still had root pieces from the extracted tooth in his mouth, but there was no need to worry about them.  Defendant #1 told Plaintiff to give it some time and report back if the pain persisted.  (Doc. 10, p. 10).

Plaintiff continued to experience pain with only brief periods of relief.  About a month after seeing Defendant #1, Plaintiff consulted Defendant John Doe Dentist #2.  This dentist also told Plaintiff that his pain was normal and part of the healing process.  Over the next two years, Plaintiff continued to tell several Menard dentists about his pain, but they dismissed his concerns.

In March 2021, Plaintiff convinced Defendant Jane Doe Dentist #3 to treat his ongoing pain.  This dentist diagnosed an infection and gave Plaintiff antibiotics, advising him he would be fine in about a week.  Plaintiff's pain persisted despite completing the course of antibiotics.  Defendant #3 then informed Plaintiff that Defendant #1 had "messed his mouth up" with the extraction.  When Plaintiff asked for an explanation, Defendant #3 indicated with a hand gesture that money was the reason.  Defendant #3 spent two hours attempting to remove the remaining root fragments from Plaintiff's mouth in an excruciatingly painful procedure.  When Plaintiff couldn't bear the pain any longer, he stopped the procedure.  Defendant #3 informed him she was "done anyway" and the roots were gone.  (Doc. 10, pp. 11-12).

After the procedure, Plaintiff's pain was more unbearable than before.  He saw a different dentist a week later for a checkup.  This dentist diagnosed a bad infection, prescribed antibiotics, and told Plaintiff that Defendant #3 should not have tried to extract the root fragments.  In May 2021, a different Menard dentist proposed another attempt to remove the remaining roots, but Plaintiff refused to consent because he believed the Menard dentists lacked the necessary expertise.  Plaintiff questioned why he had not been allowed to go to an outside oral surgeon.  This dentist

responded that "the higher ups [meaning Defendant Wexford Health Services] don't like bills." (Doc. 10, p. 13).

On May 27, 2021, Plaintiff filed a grievance over the matter. He was sent to an off-site oral surgeon approximately a month later. The oral surgeon x-rayed Plaintiff's extraction site and explained that the prison dentist should not have attempted the root extraction and should have sent him to an oral surgeon long ago. He further explained that Wexford incurs extra expenses when they send an inmate to an off-site provider, so to save money, the salaried prison dentists conduct procedures in-house. Plaintiff finally had a successful procedure to remove the remaining roots in September 2021. (Doc. 10, p. 14).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against the John (Jane) Doe Dentists #1, #2, and #3 for delaying and denying treatment for Plaintiff's ongoing dental pain caused by a tooth extraction that left root fragments in his jaw.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Services ("Wexford") for maintaining a cost-cutting policy that prevented and delayed Plaintiff's referral to an off-site oral surgeon for removal of the root fragments for approximately two years.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Discussion**

**Count 1**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The failure to treat pain can violate the Eighth Amendment. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 661 (7th Cir. 2021)

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against the John/Jane Doe Dentists #1, #2, and #3. Because these individuals cannot be served with notice of this lawsuit until they are identified, the Warden of Menard Correctional Center will be added as a party, in his/her official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendants by name.

**Count 2**

Defendant Wexford is a corporation that employs Defendant John/Jane Doe Dentists #1-3 and provides medical and dental care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal

4

entity in a § 1983 action). Plaintiff has alleged that the individual defendants (Does #1-3) either acted or failed to act because of an official policy espoused by Wexford to save money by avoiding referrals to outside dental specialists. Accordingly, Plaintiff states a viable claim in Count 2 against Wexford.

### John/Jane Doe Defendants

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown John (or Jane) Doe Dentists #1, #2, and #3, in accordance with the Discovery Order that will be entered separately. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Complaint states colorable claims in Count 1 against the John (or Jane) Doe Dentists #1, #2, and #3, and in Count 2 against Wexford Health Services. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, in his or her official capacity, to the docket for the purpose of responding to discovery.

The Clerk shall prepare for Wexford Health Services and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent

authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 31, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.