IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VASHAUN CIHARRO WILLIAMS, #K71662, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 22-02476-SMY ) |
| WEXFORD HEALTH SERVICES, JOHN DOES #1-3 (Dentists at Menard Correctional Center), and Menard Correctional Center Warden (Official Capacity Only), | ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Plaintiff Vashaun Ciharro Williams' Motion for Heading Change (Doc. 38) and his proposed First Amended Complaint (Doc. 38-1).[1] Plaintiff seeks to substitute the actual names of the three Doe Defendants and to add a fourth identified defendant.

Plaintiff filed the instant *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on October 25, 2022, claiming that Defendants delayed treatment for his serious and painful dental condition (Doc. 10). The Court conducted the required merits review of the Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on the following claims which arose at Menard Correctional Center:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against the John (Jane) Doe Dentists #1, #2, and #3 for delaying and denying treatment for Plaintiff's ongoing dental pain caused by a tooth extraction that left root fragments in his jaw.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Services ("Wexford") for

---

[1] Defendants have not responded to the motion.

>maintaining a cost-cutting policy that prevented and delayed Plaintiff's referral to an off-site oral surgeon for removal of the root fragments for approximately two years.

(Doc. 11, pp. 3-5). The Warden of Menard Correctional Center was added as a Defendant for the purpose of responding to discovery regarding the identity of the Doe Defendants (Doc. 11, p. 5).

### The Proposed First Amended Complaint

Plaintiff did not file a separate motion seeking leave to amend his Complaint. However, the Court construes his Motion for Heading Change and the attached proposed amended pleading together as a motion for leave to amend. The proposed amended complaint is subject to merit review under 28 U.S.C. § 1915A.

The proposed First Amended Complaint tracks the factual allegations set forth in the original Complaint, with more detail and specific dates, and includes the names of the relevant Defendants where appropriate. It includes the following allegations:

Plaintiff's tooth pain began in mid-2018 and he requested dental care multiple times with no response for more than 3 months. The pain worsened and infection spread to his throat and caused daily headaches. He was first seen by dentist Dr. Craig Asselmeier, who ordered an x-ray, gave Plaintiff a prescription for Motrin, and put in an order to extract tooth #30 (Doc. 38-1, p. 11).

Dentist Mistie Norton-Hill extracted the tooth on January 27, 2019. She told Plaintiff it was possible some root tips remained in the extraction site, but these would come to the surface and be expelled. Dr. Norton-Hill prescribed antibiotics and pain medication. Plaintiff's infection did not resolve and his pain became worse, so he requested further care.

Dr. Asselmeier saw Plaintiff again on February 13, 2019. Plaintiff told him of the severe pain and spreading infection, but Dr. Asselmeier advised Plaintiff no further treatment was needed. Plaintiff continued to submit requests for treatment of his ongoing problems related to the

extraction.

On March 6, 2019, a dental assistant (who is not a Defendant) declined to clean Plaintiff's teeth because the extraction site was still infected and not healed.

Plaintiff filed more dental requests, kites, and a grievance to no avail. The site was infected, painful, and discharging blood and pus. Dr. Asselmeier answered Plaintiff's grievance on June 17, 2019, but did not see him again for months, while Plaintiff's symptoms continued to worsen. On November 14, 2019, after many more requests, Plaintiff saw Dr. Asselmeier, who refused his request for a referral to a dentist outside the prison.

On December 12, 2019, Plaintiff saw Dental Assistant Sherry Jones for a different tooth issue. He informed Jones of his ongoing pain and infection from the extraction, and his multiple treatment requests and delays. She said they would get to Plaintiff "when we can." (Doc. 38-1, p. 13). Plaintiff continued to write grievances and treatment requests for more than another year without any response.

On March 3, 2021, Plaintiff saw dentist Dr. Lillian Overall, who ordered an x-ray. Plaintiff went back to Dr. Overall on March 12, 2021, when she advised him that almost an entire root remained in his mouth from the extraction. She unsuccessfully tried to remove the root and told Plaintiff she could not extract it. She gave him more antibiotics and pain medication, but Plaintiff's pain became worse after this procedure.

On March 25, 2021, Dr. Overall told Plaintiff that the previous dentist [Norton-Hill] should not have attempted to pull the tooth in the first place because it was so damaged, stating they "messed [his] mouth up," and indicating that Plaintiff was treated in-house to save money (Doc. 38-1, p. 15). She convinced Plaintiff to let her try again to remove the remaining root tips. After 2 hours of this painful procedure, Dr. Overall said the procedure was finished. She increased his

pain medication and antibiotics.

Plaintiff saw Dr. Asselmeier on April 1, 2021 for a follow up. His examination showed that root tips and debris still remained at the site of tooth #30 and the area was severely infected and abscessed (Doc. 38-1, pp. 15-16). He opined that Dr. Overall should not have tried to remove the roots, but did not send Plaintiff to an outside oral surgeon. Dr. Asselmeier gave Plaintiff more antibiotics and pain medication.

Plaintiff next saw Dr. Asselmeier on May 13, 2021. Plaintiff refused his attempt to try another extraction of the remaining tooth debris and asked again for a referral to an outside specialist. Over the next weeks, Plaintiff's pain intensified. He wrote more treatment requests and another grievance (No. 232-5-2).

On July 6, 2021, and August 12, 2021, Plaintiff saw an outside oral surgeon for an assessment. This specialist told Plaintiff that the first dentist should have sent him to an oral surgeon as soon as they knew the root was still in his mouth. Plaintiff had a pre-surgical tooth cleaning on August 30, 2021, and on September 16, 2021, finally had surgery that successfully removed the remaining roots (Doc. 38-1, pp. 17-18).

Wexford's cost-cutting policy caused the delay and denial of proper medical attention for Plaintiff's painful, infected tooth (Doc. 38-1, p. 10).

Based on the allegations in the proposed First Amended Complaint, the Court revises its earlier designation of Plaintiff's claims as follows:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Norton-Hill, Asselmeier, Jones, and Overall, for delaying and denying treatment for Plaintiff's ongoing dental pain caused by a tooth extraction that left root fragments in his jaw.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Services ("Wexford") for

>maintaining a cost-cutting policy that prevented and delayed Plaintiff's referral to an off-site oral surgeon for removal of the root fragments for more than two years.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

The proposed First Amended Complaint fails to state an actionable claim against Dr. Norton-Hill, the dentist who extracted Plaintiff's tooth #30 on January 27, 2019. She saw Plaintiff only on that single occasion and is not alleged to have had any involvement in delaying or denying Plaintiff's later requests for specialist treatment. While she allegedly "botched" the extraction and informed Plaintiff that any root fragments would come out on their own, her conduct constitutes malpractice or negligence at most, but does not violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Count 1 will therefore be dismissed against Dr. Norton-Hill.

Count 1 will proceed against Dr. Asselmeier, who allegedly examined Plaintiff, fielded his treatment requests on several occasions between February 2019 and mid-2021, but failed to refer Plaintiff for outside treatment. Count 1 will also proceed against Dr. Overall, who attempted to remove Plaintiff's root fragments on two occasions without success. While her actions might be viewed as mere incompetence or malpractice, she arguably should have referred Plaintiff to a specialist for further care after her first failed attempt on March 3, 2021 – when she admitted to Plaintiff that the procedure did not succeed.

Plaintiff alleges that Dental Assistant Jones saw Plaintiff on one occasion in December 2019, when he told her about his longstanding attempts to get treatment for the extraction site for nearly a year. She took no steps to refer him for follow-up care, stating merely that they would get to him when they can. After that encounter, Plaintiff was not seen for approximately 15 months. Because Jones' alleged failure to act and the ensuing delay may amount to deliberate indifference, Count 1 will proceed against her as well.

### Count 2

The Court previously allowed Count 2 to proceed against Defendant Wexford (Doc. 11). The proposed First Amended Complaint likewise supports the claim in Count 2, and it will proceed.

### Dismissal of Warden

The Warden of Menard Correctional Center was added as a party (official capacity only), for the purpose of responding to discovery aimed at identifying the unknown defendants by name (Doc. 11, pp. 4-5). Because Plaintiff has now identified the Doe Defendants, the warden will be dismissed from the case.

### Disposition

Plaintiff's motion (Docs. 38, 38-1), construed as a motion for leave to file amended complaint, is **GRANTED**. The Clerk is **DIRECTED** to **DOCKET** Doc. 38-1 as Plaintiff's First Amended Complaint.[2] Plaintiff's Motion for Heading Change (Doc. 38) is **GRANTED IN PART** insofar as Defendants Dr. Craig Asselmeier, D.M.D.; Sherry Jones, D.A.; and Dr. Lillian Overall, D.M.D., will be substituted for the Doe Defendants. The Motion is **DENIED** as to Dr. Mistie

---

[2] The filing of Plaintiff's First Amended Complaint **DOES NOT** render moot the timely Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 39) filed by Defendant Wexford Health Services. *See* SDIL-LR 15.1(b)(3).

6

Norton-Hill, D.M.D., because Plaintiff's amended pleading fails to state a claim against her.

The Clerk of Court is **DIRECTED** to **RENAME** the John Doe Defendants #1-3 as Craig Asselmeier, D.M.D.; Sherry Jones, D.A.; and Lillian Overall, D.M.D. in CM/ECF.  The Clerk is **FURTHER DIRECTED** to terminate the Menard Correctional Center Warden as a Defendant.

The First Amended Complaint states colorable claims in Count 1 against Defendants Asselmeier, Jones, and Overall, and in Count 2 against Wexford Health Services.

The Clerk shall prepare for newly identified Defendants Craig Asselmeier, D.M.D.; Sherry Jones, D.A.; and Lillian Overall, D.M.D.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the Initial Scheduling Order at Doc. 25, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to**

**Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 22, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.