UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VASHAUN CIHARRO WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-02476-GCS |
| | ) |
| WEXFORD HEALTH SERVICES, | ) |
| CRAIG ASSELMEIER, LILLIAN | ) |
| OVERALL & SHERRY JONES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Vashaun Williams alleges that Defendants Asselmeir, Jones and Overall failed to provide him with proper dental care for tooth pain that began in mid-2018. (Doc. 46, p. 10). Plaintiff also alleges that Wexford Health Services' "cost cutting policy" caused delay and denial of proper medical attention for his painful infected tooth. (Doc. 38, Exh. 1, p. 10). The Court conducted a threshold review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 45). The Court's Order dated November 22, 2023, allowed Williams to proceed on one Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Asselmeir, Jones and Overall as well as an Eighth Amendment claim against Defendant Wexford Health Services for maintaining a cost cutting policy that prevented and delayed Plaintiff's referral to an off-site oral surgeon. (Doc. 45, p. 4-5). On April 4, 2024, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (Doc. 77). For the reasons delineated below,

the Court **DENIES** the motion.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the

---

[1] No hearing on the motion is necessary because it is apparent from the face of Williams's motion that he is not entitled to the relief requested.

parties or their agents.

Here, Williams, raises new allegations in his motion that allegedly occurred after he filed this lawsuit. Specifically, he claims that Warden Wills retaliated against him for filing this lawsuit by issuing 6 or 7 arbitrary disciplinary reports against him. (Doc. 77, p. 2). Williams noted the most recent incident involving Menard Security Staff planting unauthorized cannabinoids on him, which caused him to receive 180 days in segregation. *Id.* Plaintiff also recounted an incident on March 19, 2024, where he alleges that a C/O sexually harassed him while he was showering. *Id.* at p. 3. The C/O reportedly stated to Plaintiff that he needed to "drop that fucking lawsuit, the Brass don't like it," followed by asking if Plaintiff was ready for his shower because he wanted "to see if [Plaintiff] [had] a pink ass." *Id.* Notably, there is no apparent relationship between the facts and allegations contained in Williams's motion and those in his complaint. The claims in Plaintiff's complaint are distinct from the claims in the instant case, which concern his dental care. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camensich*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in this case, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents

not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above stated reasons, Williams's motion for temporary restraining order and preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 16, 2024.**

Digitally signed by
Judge Sison
Date: 2024.04.16
15:21:14 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**