UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VASHAUN CIHARRO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-02476-GCS |
| ) | |
| CRAIG ASSELMEIER, LILLIAN ) | |
| OVERALL, and SHERRY JONES, ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Pending before the Court is Defendant Sherry Jones ("Jones") and Defendant Wexford Health Sources, Inc.'s ("Wexford") Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies.[1] (Doc. 88). Defendants Jones and Wexford filed the Motion along with a Memorandum of Law in Support on July 22, 2024. (Doc. 88, 89). Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on November 25, 2024. (Doc. 107). Defendant Jones filed a Reply on January 6, 2025. (Doc. 115). For the reasons delineated below, Defendants' Motion for Summary Judgment is **DENIED**. (Doc. 88).

PROCEDURAL BACKGROUND

Plaintiff Vashaun Ciharro Williams ("Williams") is an inmate in the Illinois

---

[1]     The Court granted Defendant Wexford's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 95). Accordingly, the Court will only evaluate whether Plaintiff exhausted as to Defendant Jones.

Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional
Center ("Menard"). On October 25, 2022, Plaintiff brought this suit against Wexford and
three unidentified Wexford "dentists." (Doc. 10).[2] Through limited discovery, the three
dental professionals were identified as Dr. Craig Asselmeier, Dr. Lillian Overall, and
Dental Assistant Sherry Jones as reflected in Plaintiff's First Amended Complaint.[3] (Doc.
46).

Plaintiff claims that he received inadequate dental care after having his tooth
pulled in the middle of 2019. (Doc. 10, p. 10). Plaintiff alleges that for two years following
the extraction he experienced pain at the extraction site from remaining roots and that
Wexford dentists' subsequent removal attempts were unsuccessful. *Id.* at p. 13. Plaintiff
reportedly complained to several different dentists about his pain, and they were
unwilling to address it.[4] *Id.* at p. 11. When Plaintiff saw Defendant Overall, she allegedly

---

[2]     Plaintiff's original complaint was unsigned. (Doc. 1). On July 5, 2023, the Court ordered
Plaintiff to submit a properly signed complaint, including any exhibits on or before August 7,
2023. (Doc. 9).  Plaintiff then submitted a properly signed complaint on July 24, 2023. (Doc. 10).

[3]     The Court directed Plaintiff to conduct discovery (informal or formal) aimed at
identifying the unknown dental defendants. (Doc. 11, p. 5). In the Court's initial scheduling order,
Plaintiff was directed to file a Notice with the Court by October 5, 2023, to provide Defendant
Wexford and the Warden's attorney with any information that he possessed that would help
identify the John/Jane Does. (Doc. 25). Defendant and the Warden had until October 20, 2023, to
file a Notice with the Court and provide Plaintiff with the identity of the John/Jane Does. *Id.*

        On November 2, 2023, just before Defendant Wexford filed their Motion for Summary
Judgement, Plaintiff filed a Motion for Heading Change. (Doc. 38). In the Motion for Heading
Change, Plaintiff identified Dentists Craig Asselmeier, Lillian Overall, and Mistie Norton-Hill as
the unidentified dentists. *Id.* at p. 2. Plaintiff also identified Dental Assistant Sherry Jones as
having been involved in his dental care. *Id.*

[4]     This included Dental Assistant Sherry Jones – later identified as Defendant No. 1 from
Plaintiff's initial Complaint. (Doc. 10, p. 10); (Doc. 45, p. 3). In Plaintiff's initial complaint, he wrote
that shortly after his tooth was pulled in 2019 that he informed dental staff at Menard that he was

informed him that the other dentists had "messed [Plaintiff's] mouth up" and when Plaintiff asked how, she told him not to worry about it as she rubbed her fingers together gesturing that money was the reason. *Id.* at p. 12. Dr. Mistie Norton-Hill, an oral surgeon who successfully removed Plaintiff's remaining tooth roots in September 2021, allegedly informed Plaintiff that the Wexford dentists should never have attempted to remove the remaining roots; instead, they should have sent him to an oral surgeon long ago. *Id.* at p. 14). She also reportedly told Plaintiff that the prison dental department is salaried and sending an inmate off-site to an oral surgeon incurs extra costs. *Id.* at p. 14.

On July 31, 2023, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and construed Plaintiff's allegations into the following counts:

> **Count 1**: Eight Amendment deliberate indifference to serious medical needs claim against Defendants Asselmeier, Jones, and Overall, for delaying and denying treatment for Plaintiff's ongoing dental pain caused by a tooth extraction that left root fragments in his jaw.

> **Count 2**: Eight Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a cost-cutting policy that prevented and delayed Plaintiff's referral to an off-site oral surgeon for removal of the root fragments for more than two years.

(Doc. 45, p. 4-5). Both Counts 1 and 2 of Plaintiff's Complaint survived preliminary

---

experiencing constant pain. (Doc. 10, p. 10). "Defendant 1 explained to Plaintiff that this was normal and that he had nothing to worry about." *Id.* In Plaintiff's Amended Complaint, Plaintiff detailed a specific interaction with Defendant Jones that took place on or around December 12, 2019. (Doc. 45, p. 3). During this visit, Plaintiff informed Jones that he was experiencing ongoing pain and infection from the tooth extraction and that he had experienced multiple delays in treatment. Jones reportedly told Plaintiff that they would get to Plaintiff's issues "when [they could." (Doc. 38, Exh. 1, p. 13). Plaintiff allegedly continued to write grievances and treatment requests without any response. (Doc. 45, p. 3).

review. *Id.* Defendant Wexford then proceeded to file a Motion for Summary Judgment regarding the Issue of Exhaustion of Administrative Remedies. (Doc. 39). Plaintiff's First Amended Complaint, identifying the dental professionals, was then screened, and Plaintiff's claims against Asselmeier, Overall, and Jones were allowed to proceed. The Court noted that Plaintiff's First Amended Complaint did not render Defendant Wexford's Motion for Summary Judgment moot. (Doc. 45). Defendant Jones and Wexford then filed the presently pending Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies on July 22, 2024. (Doc. 88). Subsequently, the Court granted Defendant Wexford's first Motion for Summary Judgment on September 3, 2024. (Doc. 95). A hearing was held on February 13, 2025, wherein the parties argued their respective positions; no testimonial evidence was presented. (Doc. 121).

FACTUAL BACKGROUND

Plaintiff's grievance record from Menard from January 2019 to present is approximately 197 pages and is contained in its entirety as Exhibit B to Defendants' Motion for Summary Judgment. (Doc. 89, Exh. 2-3). Plaintiff and Defendant have identified the same three relevant grievances from the grievance record, and the Court will consider those in determining whether Plaintiff has exhausted his administrative remedies.

**1.    *Grievance No. 232-5-21***

Plaintiff filed Grievance No. 232-5-21 on May 27, 2021 (Doc. 89, Exh. 2, p. 100-104). In the grievance, Plaintiff explains that he got a tooth pulled between the Summer of 2019 and the beginning of 2020. *Id.* at 102-103. After the tooth was pulled, Plaintiff was still in

pain, and he reportedly complained to doctors and nurses. *Id.* He also claims that he wrote to sick call. *Id.* Plaintiff indicates that when he finally saw a dentist, x-rays were taken, and he was told that he had an infection. *Id.* at p. 103. Plaintiff was then prescribed antibiotics to address the infection. *Id.* However, Plaintiff was still in pain after taking the antibiotics. *Id.* Plaintiff was then called back to see the dentist again, and after two hours of "scraping," Plaintiff could not stand the pain any longer and the dentist stopped working. *Id.* The dentist reportedly told Plaintiff that he would be fine. *Id.* During a subsequent dental exam, the dentist told Plaintiff that the dentist who had performed his tooth extraction had left a tooth root in his mouth and that this was the cause of his pain. *Id.* The dentist attempted once again to pull the remaining roots out, but this caused Plaintiff to experience another dental infection. *Id.* Plaintiff was then given a higher dose of antibiotics to cure the infection. *Id.* After this dose of antibiotics, Plaintiff reported that his mouth was still "not all the way healed." *Id.* After this second attempt at removal, Plaintiff refused to allow dentists to attempt to remove the roots again because he feared for his health and safety. *Id.* Plaintiff claims the dentists then informed him that he would have to see an oral surgeon. *Id.* As relief, Plaintiff requested that he be seen by an oral surgeon and that his administrative remedies be exhausted. *Id.*

The grievance was reviewed by a counselor at Menard on June 4, 2021. (Doc. 89, Exh. 2, p. 102). The Counselor requested a medical review of Plaintiff's grievance by Defendant Dr. Asselmeier. *Id.* Asselmeier reviewed the grievance and indicated that Plaintiff was healing within normal limits and that an appointment with an oral surgeon had been made for him. *Id.* On June 10, 2021, the Grievance Officer recommended that

the grievance be labeled as moot because Plaintiff was already scheduled to see an oral
surgeon. *Id* at p. 100. The Chief Administrative Officer ("CAO") concurred with the
grievance officer on June 15, 2021. *Id.* Plaintiff appealed the CAO's decision to the
Administrative Review Board ("ARB") on July 14, 2021. *Id.* The ARB received Plaintiff's
grievance on July 22, 2021, and denied it on July 30, 2021, because it was received 30 days
past the CAO's decision. (Doc. 89, Exh. 1, p. 68).

*2.    Grievance No. 235-6-19*

Plaintiff filed Grievance No. 235-6-19 on June 11, 2019. (Doc. 89, Exh. 3, p. 2-4). In
this grievance, Plaintiff indicates that he was called to the dentist twice, but both times
the call line was cancelled. *Id.* at p. 2. Plaintiff states that he has been on the clean list since
2016, and that he is constantly "not being allowed to have his teeth cleaned." *Id.* Plaintiff
also wrote that he had attempted to write to the dentist to explain his concerns, but he
still had not been called back for a visit. *Id.* As relief, Plaintiff requested that he "be called
to the dentist asap to get [his] teeth cleaned and [that he] be called speedily." *Id.*

On June 14, 2019, the Counselor requested that Plaintiff's grievance be reviewed
by dental. (Doc. 89, Exh. 3, p. 2). On June 17, Dr. Asselmeier reviewed Plaintiff's grievance
and responded by stating the following:

> Inmate Williams had a teeth cleaning appointment scheduled on 3/27/19,
> but he went to the law library instead. Patient was rescheduled. . . . Inmate
> Williams had a teeth cleaning appointment scheduled on 4/8/19 but was
> rescheduled due to a lockdown . . . Inmate Williams also had a teeth
> cleaning appointment scheduled for 4/12/19, but this appointment was
> rescheduled because patient went to [the] yard. Mr. Williams will be
> scheduled again for another cleaning appointment when his name comes
> up on the list.

(Doc. 89, Exh. 3, p. 4). On June 18, 2019, the Counselor instructed Plaintiff to review the attached response from dental. Per the grievance log, the grievance was not resubmitted for second level review, nor was it submitted to the ARB. *See generally* (Doc. 89, Exh. 3, p. 2-4).

### 3.    Grievance No. 229-9-21

Plaintiff submitted Grievance No. 229-9-21 on September 20, 2021. (Doc. 89, Exh. 2, p. 91-93). In this grievance, Plaintiff complains that he had put in a request to receive his medical files, but those medical files did not include his dental files. *Id.* at p. 91. Plaintiff wrote that he had put in a subsequent request for those dental files, but he had not heard or received anything in reply to his new request. *Id.* As relief, Plaintiff requested that he receive "all of [his] dental records from Jan. 1, 2018 until [present]." *Id.*

The Counselor received Plaintiff's grievance on September 23, 2021 and responded on October 29, 2021, directing Plaintiff to see the attached response from healthcare. (Doc. 89, Exh. 2, p. 91). The response from healthcare stated that Plaintiff's request for dental records had been received and that the records would be sent to him in the next week. *Id.* at p. 93.

LEGAL STANDARDS

Summary judgement is proper when a moving party cannot establish the presence of a genuine dispute of material fact. *See* FED. R. CIV. PROC. 56(a). To survive a motion for summary judgement, the non-moving party must provide admissible evidence which would allow a reasonable jury to find in his or her favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). Generally, the Court's role is to determine whether a genuine

issue of material fact exists rather than evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter when determining the outcome for a motion for summary judgement. *See National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

However, in *Pavey v. Conley*, the Seventh Circuit held that, "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. 544 F.3d 739, 740-741 (7th Cir. 2008). Therefore, it is left to the Court to determine whether an inmate has exhausted his or her remedies when the affirmative defense of non-exhaustion is raised. If the court finds that the inmate failed to exhaust administrative remedies, then the inmate is given the opportunity to exhaust should time still permit or if the failure to exhaust was innocent. *Id* at 742. If the court determines that the failure to exhaust was the inmate's fault, then the case is over. *Id*.

Under the Prison Litigation Reform Act ("PLRA"), which governs lawsuits filed by inmates, "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This coincides with the PLRA's statutory purpose of "afford[ing] correction officials [the] time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). It affords prison administrators an opportunity to fix the problem, reduce damages, and shed light on the

factual disputes that may arise in litigation. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

Inmates must follow their prison's administrative rules when attempting to exhaust their administrative remedies under the PLRA. *See Pozo*, 286 F.3d at 1023. Plaintiff is an inmate in the IDOC and is required to correctly follow the regulations contained in the IDOC's Grievance Procedures to properly exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The Seventh Circuit requires strict adherence to a prison's grievance procedures to satisfy the requirements for exhaustion under the PLRA. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement cannot be satisfied if an inmate files untimely or procedurally defective grievances. *See Woodford*, 548 U.S. at 83. Additionally, an inmate must correctly complete all of the steps outlined in the grievance procedures and is barred from filing suit prior to any step being completed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); 42 U.S.C. § 1997e(a). If an inmate fails to complete all of the steps correctly to exhaust his claim, then "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. However, inmates are not required to exhaust administrative remedies that are unavailable to them which can occur if, "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The IDOC Grievance Procedures require that an inmate first file a grievance with a counselor at their correctional institution within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The Grievance must include, "factual details

regarding each aspect of the offender's complaint, including what happened, when,
where and the name of each person who is the subject of or who is otherwise involved in
the complaint." *See* 20 ILL. ADMIN. CODE § 504.810(c). If the inmate is unsatisfied with the
counselor's response, then the inmate can submit a formal grievance to the prison's
grievance officer. *Id* at (a)-(b). The grievance officer must then review the grievance and
provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). Within 60
days of the receipt of the grievance the grievance officer must report their findings and
recommendations in writing to the CAO. *See* 20 ILL. ADMIN. CODE § 504.830(e). The CAO
will then review the findings and recommendations and offer a written decision to the
inmate. *Id*. The inmate can appeal the CAO's decision to the ARB within thirty days. *See*
20 ILL. ADMIN. CODE § 504.850(a). To do this correctly, the inmate is required to attach
copies of the grievance officers report and the CAO's decision to his appeal. *Id*. The ARB
then submits its findings and recommendations to the Director who will issue the IDOC's
final decision within six months. *See* 20 ILL. ADMIN. CODE § 504.850(d)-(e).

## DISCUSSION

Defendant Jones first argues that Plaintiff failed to exhaust Grievance Nos. 235-6-
19 and 229-9-21 because they were not submitted through all levels of the IDOC
Grievance process. (Doc. 89, p. 9).  Defendant also asserts that these grievances do not
sufficiently implicate her actions in relation to Plaintiff's dental care. *Id.* Plaintiff objects
to Defendant Jones's characterization of the record, but also states that Defendant's
findings are "irrelevant to the case." (Doc. 107, p. 11). Plaintiff makes no further argument
regarding the availability of the grievance process for these two grievances or the

sufficiency of their substance. Thus, after review of the grievance record, the Court concludes that Plaintiff failed to proceed through the second and third levels of the IDOC grievance procedure as required for exhaustion of Grievance Nos. 235-6-19 and 229-9-21.

Here, Grievance No. 235-6-19 was submitted by Plaintiff to the counselor on June 11, 2019. (Doc. 89, Exh. 3, p. 2). The counselor received the grievance on June 14, 2019 and responded on June 18, 2019, instructing Plaintiff to see the response from dental. *Id.* Per the grievance log, the grievance was not received for second level review. *Id.* at p. 23. Additionally, the grievance was not received by the ARB. *See generally,* (Doc. 89, Exh. 1).

Similarly, Plaintiff did not proceed to the second or third level of review for Grievance No. 229-9-21. (Doc. 89, Exh. 2, p. 91-93). Grievance No. 229-9-21 was submitted by Plaintiff to the counselor on September 20, 2021. *Id.* at p. 91. The counselor received the grievance on September 23, 2021, and responded on October 29, 2021, instructing Plaintiff to see the attached response from healthcare. *Id.* Per the grievance log, the grievance was not received for second level review. (Doc. 89, Exh. 3, p. 73-78). Moreover, the grievance was never received by the ARB. *See generally*, (Doc. 89, Exh. 1). As such, Plaintiff failed to fully exhaust Grievance Nos. 235-6-19 and 229-2-21.

However, with respect to Grievance No. 232-5-21, Defendant Jones acknowledges that the grievance was fully exhausted pursuant to the mailbox rule. (Doc. 89, p. 7). *See also Warren v. Jeffreys*, Case No. 3:22-cv-00508-GCS, 2023 WL 6605433, at *6 (S.D. Ill. Oct. 10, 2023) (collecting cases which acknowledge that courts within the Seventh Circuit apply the prison mailbox rule to PRLA exhaustion requirements). Here, the documentary record shows that Plaintiff appealed the CAO's decision on July 14, 2021. The Defendants

bear the burden of proof, and no evidence was presented that Plaintiff submitted it to the prison mail system beyond the 30-day time allotted for the appeal.

However, Defendant Jones denies that the grievance exhausts Plaintiff's administrative remedies because it does not contain factual details about her care of Plaintiff. (Doc. 89, p. 7-8). Plaintiff on the other hand believes that the grievance sufficiently complains about Jones's conduct. (Doc. 107, p. 13-17). Ultimately, the Court believes the grievance sufficiently exhausts Plaintiff's administrative remedies as to Jones because the grievance contains a reference to Plaintiff's prior complaints about his dental care being inadequate or delayed to "doctors and nurses."

"While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject or is otherwise implicated in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible." *Williams v. Spiller*, Case No. 22-cv-756-RJD, 2024 WL 3673152, at *5 (S.D. Ill. Aug. 6, 2024) (citing ILCS §504.810(c)). The Seventh Circuit has interpreted this as requiring an inmate to name individuals only to the extent practicable to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 U.S. 709, 722 (7th Cir. 2011); *see also Glick v. Walker*, No. 09-2472, 385 Fed. Appx. 579, 582 (7th Cir. July 13, 2010). Thus, not naming the defendants in the grievance itself amounts to "'a mere technical defect' where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond." *Saffold v. Illinois Department of Corrections*, No. 18 C 3301, 2021

WL 4477930, at *7 (N.D. Ill. Sept. 30, 2021) (quoting *Maddox*, 655 F.3d at 722). So long as the "prison officials have been afforded an opportunity to address an inmate's claims internally prior to federal litigation, the purpose of exhaustion has been met, and the prisoner has properly exhausted his available remedies." *Bandala-Martinez v. Bebout*, 188 F. Supp. 3d 836, 842-843 (S.D. Ill. 2016) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Accordingly, an inmate is not required to provide personal notice of suit to an individual defendant through his grievance. *See Maddox*, 655 F.3d at 722 (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).

Here, the Court finds that Grievance No. 232-5-21 provided enough information to put the prison on notice as to the nature of Plaintiff's claim against Defendant Jones. In Grievance No. 232-5-21, Plaintiff wrote that after he got his tooth pulled in 2019, he continued "complaining to doctors, nurses, sick call, writing letters to the dentist because [he] was still in pain." (Doc. 89, Exh. 1, p. 72). Throughout the grievance, Plaintiff asserts that he complained continuously while he was experiencing pain from the roots and infection in his mouth, but he found the facility's response to his pain unsatisfactory. *Id.* at p. 73. In the hearing, Plaintiff noted at the time he filed his grievance in 2021, it was meant to address the deficient course of his treatment after he got his tooth pulled, which continued up to the time of the grievance. Plaintiff indicated he did not know Defendant Jones's name, which is why he intended to implicate dentists, dental assistances, nurses, etc., who were responsible for disregarding his many complaints. Thus, it can be no mystery to the facility that Plaintiff believes that dental staff – which included Defendant Jones – ignored or did not properly and timely address his dental pain. Therefore, the

Court finds that Plaintiff exhausted his administrative remedies as to Defendant Jones.

## CONCLUSION

For the reasons delineated above, Defendant's Motion for Summary Judgment is

**DENIED**. (Doc. 88).

**IT IS SO ORDERED.**

**DATED:  March 31, 2025.**

Gilbert C
Sison

Digitally signed by
Gilbert C Sison
Date: 2025.03.31
12:16:43 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**